IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **OMOWALE N BLACK,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | CIVIL NO. 5:11-cv-472-CAR-CHW |
| | : | |
| Warden **VICTOR WALKER, et. al.,** | : | |
| | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| **Defendants** | : | BEFORE THE U.S. MAGISTRATE JUDGE |

## ORDER & RECOMMENDATION

Plaintiff **OMOWALE N BLACK**, a prisoner at Baldwin State Prison in Hardwick, Georgia, has filed a *pro se* 42 U.S.C. § 1983 civil rights action and has been granted leave to proceed *in forma pauperis*. Plaintiff is nevertheless obligated to eventually pay the full $350.00 filing fee, as directed later in this Order and Recommendation.

The Court has also conducted a review of Plaintiff's Recast Complaint [Doc. 8], as required by 29 U.S.C. § 1915A(a), and finds that Plaintiff claims of inadequate clothing and religious infringement should be allowed proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other claims be dismissed for failure to state a claim and that Defendants **Akawanee**, **Price**, and **Sykes** be **DISMISSED** from this action. Service shall be made on Defendants **Walker**, **Underwood**, **Williams**, **Edwards**, **Presley**, **Jordan**, and **Smith**.[1]

---

[1] In his Recast Complaint [Doc. 8], Plaintiff omits a number of parties previously named in his original Complaint [Doc. 1]. Because Plaintiff does not identify **Shelia Oubre**, Deputy **Warden Hankins**, Nurse **Laura Billion**, **Dr. Register**, or "**John and Jane Does**" as Defendants in his Recast Complaint, the Clerk of Court is hereby **DIRECTED** to remove those individuals' names from the Docket. They are not parties to this action.

**STANDARD OF REVIEW**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the Complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

A district court must, nonetheless, dismiss a prisoner complaint after the initial review if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b); see also 28 U.S.C. §1915(2)(B) (requiring the same of prisoners proceeding *in forma pauperis*).

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint is thus properly dismissed by the district court *sua sponte* if it is found to be "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. In other words, the complaint must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. "[T]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming court's dismissal of a § 1983 complaint because factual allegations were insufficient to support alleged constitutional violation); see also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not meet standard in § 1915A "shall" be dismissed).

## PLAINTIFF'S ALLEGATIONS

The present action arises out of Plaintiff's confinement at Baldwin State Prison. Plaintiff complains (1) that he has been denied adequate medical treatment for a broken arm; (2) that he is being made to wear boots that are too small for him; (3) that he is not receiving an adequate diet; (4) that he is being denied his right to free exercise of his religion; and (5) that the grievance procedure at the prison is constitutionally inadequate. Each of these claims will be briefly addressed below.

A. Inadequate Medical Care Claim

Plaintiff's first claim is that he has been and is being denied adequate medical treatment. According to the Complaint, Plaintiff was "jumped" by six other prisoners on February 12, 2011, and thereafter denied medical care.  Plaintiff claims that the assault left him with "a swollen and badly bruised left eye," "bruises all over [his] head and body," "bites and cuts all over [his] backs

3

and arms," and an injured right arm.  Plaintiff believes that his arm is broken, though prison officials have told him otherwise.

Plaintiff was briefly examined after the attack, but was never seen by a physician or nurse.  The following week, Plaintiff spoke with Defendant **Warden Walker** about his need for medical care.  Warden Walker allegedly refused to assist Plaintiff in receiving medical treatment, despite his direct request for help.  Nonetheless, at some point, Plaintiff's arm was x-rayed.  Defendant **Dr. Akawanee** told Plaintiff that the bone was not broken but that he may have "a pinched nerve."

In May of 2011, however, Plaintiff was seen by another "outside doctor" who suggested that Plaintiff may have a "broken humerus bone."  He ordered another x-ray, but told Plaintiff that he could not order any stronger pain medication due to restrictions imposed by the Georgia Department of Corrections.  When the second x-ray came back, Dr. Akawanee again told Plaintiff that his arm was not broken.  Plaintiff disagrees with this diagnosis and believes that Dr. Akawanee is simply refusing to provide him with proper medical care or pain medication.

It is well-settled that, to state an Eighth Amendment claim for inadequate medical treatment, a plaintiff must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need to support. Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Specifically, a plaintiff must allege facts demonstrating (1) that he has an objectively serious medical need which poses a substantial risk of serious harm if left unattended; and (2) that a defendant was "deliberately indifferent" to that need.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  A prison official is deliberately indifferent to an inmate's needs if he had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. Bozeman v. Orum, 422 F.3d 1265, 1272 (11th Cir. 2005).   Thus, inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation.   Farrow v. West, 320

F.3d 1235, 1243 (11th Cir. 2003). "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991).

In this case, even if the Court presumes that Plaintiff's injuries constitute a serious medical need, Plaintiff has not alleged facts suggesting that any Defendant had subjective knowledge of a risk of serious harm to Plaintiff and intentionally disregarded of that risk. The allegations in Plaintiff's Complaint actually show that he was *not* denied medical treatment. Plaintiff was briefly examined after the assault, and then after he complained to prison officials, Plaintiff was examined by two different physicians, and his injured arm was x-rayed twice. The fact that the physicians may have disagreed about Plaintiff's diagnosis does not support a claim for deliberate indifference. Indeed, the allegations demonstrate that the physicians were *not* indifferent to Plaintiff's condition. When there was a disagreement about Plaintiff's diagnosis, the second physician ordered a second x-ray, and Dr. Akawanee reviewed that x-ray as well.

Plaintiff clearly disagrees with Dr. Akawanee's conclusion that his arm is not broken. However, a prisoner cannot establish a constitutional violation simply because he disagrees with his physician's diagnosis or because "may have desired different modes of treatment" than that which was provided to him. Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985); Estelle, 429 U.S. at 106-107. Such claims, by definition, involve the "exercise of professional judgment" and, as such, are not actionable under the Eighth Amendment. Estelle, 429 U.S. at 105; Adams v. Poag, 61 F.3d 1537, 1545 (1995) ("[T]he question of whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment."). "Where a prisoner has received some medical attention and the dispute

5

is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake v. Lucas, 537 F.2d 857, 860 n.5 (1st Cir. 1981).

Thus, even if Dr. Awakanee was wrong or mistaken about Plaintiff's injury, the mistake would not support a constitutional claim. Inadvertence or mere negligence in failing to provide adequate medical care does not rise to a constitutional violation. Farrow, 320 F.3d at 1243. "[M]edical treatment violates the Eighth Amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" Harris, 941 F.2d at 1505.

The facts in the Complaint do not suggest that any Defendant disregarded a risk of serious harm to Plaintiff or that any error in Plaintiff's diagnosis would be shown to be more than mere negligence. It is thus **RECOMMENDED** that Plaintiff's claims of inadequate medical care against **Warden Walker** and **Dr. Akawanee** be **DISMISSED** for failure to state a claim.

B. Conditions of Confinement Claim, Boots

Plaintiff additionally complains that prison officials have refused to provide him with proper boots to wear. According to the Complaint, Plaintiff's state-issued boots were lost or stolen on February 25, 2011. He then went for approximately a week without any shoes before he was finally provided boots which were likely two sizes too small. These boots caused Plaintiff to suffer bleeding blisters and a great deal of pain. Plaintiff complained to both Unit Manager **Smith** and **Warden Walker** about the problem, but nothing was done. Plaintiff thus continued to restate his complaints as often as three times per week. Finally, the boots were so painful that Plaintiff was no longer able to wear them, and he began walking without shoes.

6

When Defendant **Lt. Edwards** saw Plaintiff without shoes, he called Plaintiff to the security office. Plaintiff explained his plight, and Lt. Edwards directed Plaintiff to retrieve the ill-fitting boots. **Captain Williams** stopped Plaintiff on his way and also questioned him about his bare feet. Plaintiff explained the situation and Lt. Edwards' instruction and further showed Captain Williams the blisters and sores on his feet. Captain Williams then left to get Plaintiff the proper size boots. **Captain Underwood** also noticed Plaintiff's bare feet, and he too was informed of the problem. Plaintiff was then escorted back to security where Captain Williams arrived with larger boots. Plaintiff apparently waited outside of the security office while the three prison officers held a "meeting." When they concluded, Lt. Edwards told Plaintiff to return to his dorm and that he would "see" about getting Plaintiff new boots.

Plaintiff was, nonetheless, required to wear the small boots all the way back to his dorm. When he complained of the pain, Lt. Edwards said that Plaintiff would wear the small boots or be taken to "the Hole" or "segregation" for failure to follow instructions. When Plaintiff only partially complied, Lt. Edwards ordered that Plaintiff be "locked up" in segregation. Plaintiff remained in segregation for twenty-one days, was found guilty of a disciplinary charge, and was fined.

Plaintiff eventually received new boots, but they were too small as well. He thus put in a request to see Dr. Akawanee, who indicated that he could not find any "soft shoe profile" on file but wrote an order that Plaintiff be provided with "extra-wide boots." Plaintiff never received those boots, however – even though he spoke with **Warden Walker**, **Captain Williams**, and Deputy Warden Hankins about the problem.

The cruel and unusual punishments standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Farmer v. Brennan, 511 U.S. 825, 832 (1994). In this

7

instance, it is unclear whether Plaintiff is attempting to present a claim for inadequate medical care or inadequate clothing. Because Plaintiff has not demonstrated the small boots present a "serious medical need," as opposed to simply being uncomfortable, the Court will consider Plaintiff's claim to be one challenging the inadequate provision of clothing under the Eighth Amendment. See Hallet v. City of New York, 2010 WL 1379733 at *6 (S.D. N.Y. March 26, 2010) (finding that discomfort from shoes that were too small did not pose an objectively serious medical need). To state this type of claim, a prisoner must demonstrate that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind . . . ." when denying him adequate shoes to wear. Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted).

After liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences, the Court finds that Plaintiff has met the minimum requirements for stating a non-frivolous conditions of confinement claim. Plaintiff alleges facts suggesting that his condition is a "sufficiently serious" one, which is ongoing and causing him to suffer great pain and minor injury. Plaintiff likewise alleges that the named Defendants were aware of the problem but failed to act to remedy it. This claim against Defendants **Unit Manager Smith**, **Warden Walker, Lt. Edwards**, and **Captain Williams** will thus be allowed to proceed.

C. Conditions of Confinement Claim, Diet

Plaintiff also attempts to bring a condition of confinement claim based upon an alleged denial of adequate nutrition. Plaintiff alleges that he is being "slowly starved" and "tortured" at Baldwin State Prison because he does not receive a healthy diet of 2300 calories per day. According to the Complaint, Plaintiff is only fed twice a day on Friday, Saturday, Sunday, and on holidays. Plaintiff claims that, as a result of the food deprivation, he is losing weight and has suffered from

dizziness, shakes, and weakness.  He further claims to have spoken to **Warden Walker** and **Dr. Akawanee** about this issue, to no avail.

As discussed above, to state on an Eighth Amendment claim regarding the conditions of confinement, a plaintiff must allege facts showing that (1) the conditions of which he complains are, from an objective standpoint, "sufficiently serious"; and (2) prison officials "acted with a sufficiently culpable state of mind with regard to the conditions at issue." Brown v. Pastrana, 2008 WL 4097615 at 3 (S.D. Fla. Sept. 4, 2008) (quoting Chandler, 379 F.3d at 1289).  "Under the first prong, the Court must 'assess whether society considers the risk that [plaintiff] complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Id.

In this case, Plaintiff's complaints, even viewed collectively, are not "so grave that exposure to these conditions violate[s] contemporary standards of decency." Id. "At best, such conditions sound in negligence, and do not deprive plaintiff 'of the minimal measure of life's necessities,' nor do such conditions represent something that modern society would find intolerable." Id. at *8; see also Gardner v. Beale, 780 F. Supp. 1073 (E.D.Va. 1991), aff'd 998 F.2d 1008 (4th Cir. 1993) (explaining that providing prisoners with only two meals per day, with an 18-hour interval between the two, did not satisfy the objective component of Eighth Amendment standard); Green v. Ferrell, 801 F.2d 765 (5th Cir. 1986) (explaining that two meals per day may be adequate); Jackson v. Walker, 2010 WL 1413196 at *2 (M.D. Ga. March 30, 2010) (finding allegation by prisoner that he received only two meals and less than 1200 calories per day was insufficient to state a claim).  It is therefore **RECOMMENDED** that Plaintiff's claims of food deprivation be **DISMISSED** for failure to state a claim.

D.  Religious Infringement Claim

Plaintiff, a self-proclaimed "Orthodox Muslim," additionally claims that his rights have been violated at the prison because he has been required to shave his beard.  Plaintiff also alleges that he has been subjected to disciplinary action when he refused to shave his beard. Officer Allen wrote Plaintiff a disciplinary report for refusing to shave. Defendant **Sergeant Presley** likewise threatened to revoke Plaintiff's recreation privileges for two weeks if he did not shave his beard, and on yet another occasion, Officer Quarterman refused Plaintiff recreation because he would not shave his beard.  According to Plaintiff, these officers violated his rights pursuant to a memo authored by the Unit Manager, Defendant **Jordan**, which requires that he be disciplined for refusing to shave.

Construing Plaintiff's complaint liberally in his favor, the Court concludes that dismissal of Plaintiff's lawsuit would be inappropriate without further factual development.  See e.g., Ali v. Quarterman, 434 F. App'x 322 (5th Cir. July 18, 2011) (reversing district court's § 1915A dismissal of claim based on shaving policy); see also 42 U.S.C. § 2000cc–1.  The Court will allow Plaintiff's claim against these Defendant **Presley** and **Jordan** to go forward.

E.  Inadequate Grievance Procedure Claim

The final claim in Plaintiff's Complaint is that prison officials are violating his constitutional rights by denying him an adequate grievance procedure.  Plaintiff complains about the limitation placed on the number of grievances he may file per week, the time restrictions for filing grievances, and the identification of some issues as "non-grievable."  According to Plaintiff, Counselors **Price** and **Sykes** often refused to accept his grievances and failed to respond to those grievances they did accept.

10

Even when accepting Plaintiff allegations as true, they do not amount to a violation of any constitutional right. A prisoner has no constitutional right to participate in prison grievance procedures. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989); Bingham v. Thomas, 654 F.3d 1171, (11th Cir. 2011) (affirming district court's dismissal of Georgia state prisoner's § 1983 claim that prison's grievance procedures were inadequate) (citing Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure")). Thus, a prison official's failure to properly process or respond to a grievance is not actionable under 42 U.S.C. § 1983.

The Court **RECOMMENDS** that Plaintiff's claims against Defendants **Price** and **Sykes** arising from their alleged refusal to process or respond to Plaintiff's grievances be **DISMISSED**.

## CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff's inadequate clothing and religious infringement claims should be permitted to proceed beyond the frivolity review stage. It is **RECOMMENDED**, however, that all other claims be dismissed for failure to state a claim and that Defendants **Akawanee**, **Price**, and **Sykes** be **DISMISSED** from this action. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the

district judge to whom this case is assigned within **FOURTEEN (14) days** after being served a copy of this Order.

It is otherwise **ORDERED** that service be made against Defendants **Walker**, **Underwood**, **Williams**, **Edwards**, **Presley**, **Jordan**, and **Smith** and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are also reminded of her duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

### DUTY TO ADVISE OF ADDRESS CHANGE

All parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is

represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).

The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party is required to respond to requests exceeding these limitations.

## **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will not be considered by the court in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed.

## **DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, plaintiff's custodian is hereby

authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**IT IS FURTHER ORDERED AND DIRECTED** that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 13th day of February, 2012.

s/ Charles H. Weigle\
Charles H. Weigle\
United States Magistrate Judge