IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

OMOWALE N. BLACK,               :
                                :

          Plaintiff,             :
                                :

        VS.                  :       NO. 5:11-CV-472–CAR-CHW
                                :

VICTOR L. WALKER, *et al.*,     :
                                :       Proceedings Under 42 U.S.C. § 1983

        Defendants.       :       Before the U.S. Magistrate Judge
_____:

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendants Victor Walker, Doug Underwood, Eddie Williams, Simmie Edwards, Earl Presley, Larry Jordan, and Rodney Smith. Doc. 27. Also before the Court is a Motion for Preliminary Injunction filed by Plaintiff Omowale Black. Doc. 36. Because Plaintiff failed to exhaust his administrative remedies before filing his complaint, and because Plaintiff also failed to state a cognizable claim under the First Amendment or the Eighth Amendment, it is hereby **RECOMMENDED** that the Motion to Dismiss (Doc. 27) be **GRANTED**. Additionally, because Plaintiff's request for injunctive relief is moot in light of his transfer from Baldwin State Prison to Georgia State Prison, it is hereby **RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 36) be **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Omowale Black, who is proceeding *in forma pauperis* in the above-styled case, is currently an inmate at Georgia State Prison in Reidsville, Georgia. While Plaintiff was an inmate at Baldwin State Prison in Hardwick, Georgia, he executed a thirty-page handwritten complaint pursuant to 42 U.S.C. § 1983, asserting more than ten unrelated claims against nearly twenty different named defendants. Doc. 1. In compliance with a court order (Doc. 6), Plaintiff

1

filed a recast complaint, alleging five claims against ten defendants affiliated with Baldwin State Prison. Doc. 8.

In his recast complaint, Plaintiff alleged that: (1) he is receiving inadequate medical treatment for an injury to his right arm; (2) he is being forced to wear a pair of state-issued boots that are "too small" for his feet and cause him to experience pain and "blisters of the tops of [his] feet[] and [his] pinky toes[;]" (3) he is not receiving an adequate diet of "2,300 calories per day[;]" (4) he is being denied his right to free exercise of his religious beliefs as an "orthodox Muslim" who wishes to maintain "a neatly trimmed beard" without facing disciplinary action for his refusal to shave his beard; and (5) the grievance procedure at Baldwin State Prison is "inadequate." Id. In relief, Plaintiff sought: (1) $2,500,000.00 in compensatory damages, (2) $2,500,000.00 in punitive damages, (3) court costs and legal expenses, and (4) any other relief to which he may be entitled. Id.

Following a frivolity review of Plaintiff's complaint under 28 U.S.C. § 1915A, the Court concluded that only two of Plaintiff's claims were cognizable. Doc. 10. First, Plaintiff stated a cognizable condition of confinement claim concerning his boots, which the Court construed as an inadequate provision of clothing claim under the Eighth Amendment. Id. Second, Plaintiff stated a cognizable religious infringement claim regarding his ability to free exercise of his religious beliefs as a Muslim under the First Amendment insofar as he has been required to shave his beard and has been subjected to disciplinary action when he refused to shave. Id. The Court thus entered an order adopting the recommendation that Plaintiff's remaining claims be dismissed for failure to state a claim and that only Defendants Walker, Underwood, Williams, Edwards, Presley, Jordan, and Smith be served. Doc. 26.

On April 16, 2012, Defendants filed a Motion to Dismiss, arguing that: (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff failed to state a claim upon which relief may be granted; and (3) Defendants were entitled to qualified immunity. Doc. 27. The Court ordered Plaintiff to respond to Defendants' Motion to Dismiss (Doc. 29) and subsequently granted Plaintiff's first Motion for Extension of Time to File Response (Doc. 31) in a text-only order on May 9, 2012. On June 11, 2012, Plaintiff filed a second Motion for Extension of Time to File Response. Doc. 32. In the Motion, Plaintiff requested additional time to respond to the Motion to Dismiss because he was being housed in segregation and did not have access to legal materials, and because he was being held indefinitely in segregation without due process as retaliation for filing this lawsuit. Id. On June 12, 2012, the Court ordered Defendants to respond to the allegations in Plaintiff's second Motion for Extension of Time to File Response. Doc. 33.

On June 25, 2012, Defendants responded to Plaintiff's allegations, contending that Plaintiff had been properly housed in segregation for assaulting another inmate and failing to follow instructions and that Plaintiff was transferred from Baldwin State Prison to Georgia State Prison on June 20, 2012. Doc. 34. Also on June 25, 2012, Plaintiff filed a Motion for Preliminary Injunction, requesting that the Court issue an injunction "to release Plaintiff from segregation and do not put Plaintiff in segregation again until after this lawsuit is completely settled or until after full due process of law has been afforded." Doc. 36. On July 16, 2012, Defendants responded to Plaintiff's Motion for Preliminary Injunction. Doc. 37. To date, Plaintiff has not responded to Defendants' Motion to Dismiss.

## DISCUSSION

Plaintiff's claims should be dismissed for failure to exhaust all available administrative remedies. In the alternative, Plaintiff's claims should be dismissed for failure to state a

cognizable claim under the First Amendment or the Eighth Amendment. Additionally, because Plaintiff's transfer from Baldwin State Prison to Georgia State Prison moots his request for injunctive relief, Plaintiff is not entitled to a preliminary injunction.

A. Exhaustion of Administrative Remedies

Plaintiff's claims should be dismissed for failure to exhaust all available administrative remedies. Pursuant to Section 1997e(a) of the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] [...], or any other federal law, by a prisoner confined in any [...] prison [...] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory precondition to filing suit, and federal courts cannot waive the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 734 (2001); Alexander v. Hawk, 159 F.3d 1321, 1326 (11th Cir. 1998). The exhaustion requirement requires proper exhaustion in compliance with the administrative process, and claims that are not properly exhausted must be dismissed. Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999).

It is well-established in the Eleventh Circuit that the exhaustion of available administrative remedies is mandatory, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander, 159 F.3d at 1326. That is, to satisfy the exhaustion requirement, the plaintiff must pursue all available administrative remedies fully. Harper, 179 F.3d at 1312. Because the plaintiff must exhaust his administrative remedies fully before commencing his lawsuit in federal court, any claims that were not exhausted before the plaintiff filed his original complaint must be dismissed even if the plaintiff exhausts his administrative remedies at some future date. Smith v. Terry, 2012 WL 4465609 (11th Cir. 2012) (slip copy).

Where a motion to dismiss is based on the affirmative defense of failure to exhaust administrative remedies, review of the motion involves a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. Id. If they conflict, the Court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the Court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At the second stage of the analysis, it is the defendant's burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

Although Plaintiff makes numerous unsubstantiated allegations about the inadequacy of the grievance procedure at Baldwin State Prison, Defendants have presented undisputed evidence that Plaintiff failed to exhaust his available administrative remedies regarding both his conditions of confinement claim and his religious infringement claim before he initiated this lawsuit. Specifically, Defendants have attached the affidavit of Jo Hunding, the Chief Counselor at Baldwin State Prison, which is labeled as Exhibit 1. Doc. 27-2. Defendants also have attached the Georgia Department of Corrections Standard Operating Procedure ("GDOC SOP"), which is labeled as Exhibit A. Doc. 27-3. The GDOC SOP sets forth the statewide grievance procedure under which inmates must attempt to resolve their grievances internally using the following three steps: (1) file an informal grievance to which the prisoner's counselor must respond within 10 days; (2) file a formal grievance to which the warden must respond within 30 days; and (3) file an appeal with the Central Office in Atlanta, to which the Commissioner must respond within 90

days. Id. Additionally, Defendants have provided copies of the six grievances filed by Plaintiff at Baldwin State Prison between November 3, 2011 and February 7, 2012, which are labeled as Exhibits B-G. Doc. 27-4. Defendants also appended a copy of Plaintiff's updated inmate grievance history, which is labeled as Exhibit C to Defendants' Response to Plaintiff's Motion for Extension of Time. Doc. 34-2.

After reviewing the undisputed evidence provided by Defendants, there is no indication that Plaintiff ever filed any grievance, let alone fully exhausted all available administrative remedies, regarding either of his claims before he executed his recast complaint on December 21, 2011. According to his updated inmate grievance history, Plaintiff filed a total of ten grievances at Baldwin State Prison between November 3, 2011 and June 11, 2012. Doc. 34-2. Only four of the ten grievances were initiated before Plaintiff executed his recast complaint, and none of the four grievances address either Plaintiff's first claim about his boots being inadequate or Plaintiff's second claim about his unwillingness to shave his beard in light of his religious beliefs. Docs. 27-2, 34-2. Two of the four grievances, namely Grievance No. 102404 and Grievance No. 105113, allege abuse and mistreatment of Plaintiff and other mental health inmates by Officer Carswell, who is not a party in this case. Docs. 27-4, 27-6. In the third grievance, Grievance No. 103722, Plaintiff alleges that he had been denied medication for his mental health issues after he refused to take sleeping pills. Doc. 27-5. Further, in the fourth grievance, Grievance No. 105800, Plaintiff alleges that there were no water sprinklers in segregation cells. Doc. 27-7.

Because the undisputed evidence establishes that Plaintiff failed to comply with the three-step statewide grievance procedure set forth in the GDOC SOP regarding either his first or second claim, both claims should be dismissed for failure to exhaust all available administrative

remedies. See <u>Smith</u>, 2012 WL 4465609 at *2 (finding that because the plaintiff failed to exhaust his administrative remedies before he filed his original complaint, dismissal for failure to exhaust was proper).

    B.  <u>Failure to State a Claim -- Plaintiff's Eighth Amendment Claim</u>

Plaintiff's first claim, alleging inadequate provision of clothing under the Eighth Amendment, should be dismissed not only because Plaintiff failed to exhaust his administrative remedies, but also because Plaintiff has failed to state a claim upon which relief may be granted. A complaint is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it fails "to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678, citing <u>Twombly</u>, 550 U.S. at 556. When considering a motion to dismiss for failure to state a claim, the Court must accept all allegations in the complaint as true, and the Court must construe the facts in the light most favorable to the plaintiff. <u>Lopez v. Target Corp.</u>, 676 F.3d 1230, 1232 (11th Cir. 2012). The Court, however, is not bound to accept as true "'a legal conclusion couched as a factual allegation.'" <u>Iqbal</u>, 556 U.S. at 678, quoting <u>Twombly</u>, 550 U.S. at 555. It is well-established that "only a complaint that states a plausible claim for relief survives a motion to dismiss." <u>Iqbal</u>, 556 U.S. at 679, citing <u>Twombly</u>, 550 U.S. at 556. Additionally, *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011).

In this case, Plaintiff fails to state a plausible claim of inadequate provision of clothing under the Eighth Amendment. "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004), quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981). There is a two-prong showing in order to state a viable condition of confinement claim under the Eighth Amendment. "First, under the 'objective component,' a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment." Chandler, 379 F.3d at 1289, quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992). That is, at a minimum, the prisoner must show that a condition of his confinement presents "an unreasonable risk of serious damage to his future health or safety." Chandler, 379 F.3d at 1289 (punctuation and citation omitted). "Second, the prisoner must show that the defendant prison officials 'acted with a sufficiently culpable state of mind' with regard to the condition at issue." Id., quoting Hudson, 503 U.S. at 8. That is, the prisoner must show that the prison official acted with "deliberate indifference." Chandler, 379 F.3d at 1289. "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (quotations and citations omitted).

Even after liberally construing the allegations set forth in the recast complaint, Plaintiff does not allege a plausible condition of confinement claim concerning his boots. Plaintiff alleges that his state-issued boots were "too small, completely run-turn over and caused pain to my feet" and that wearing the boots caused Plaintiff to experience pain and "blisters on the tops of [his] feet[] and [his] pinky toes." Doc. 8. Plaintiff further contends that that Defendants Smith, Walker, Edwards, and Williams were aware of the situation but failed to give Plaintiff "a pair of

new boots [that] would've broke in to fit the dimensions of my feet comfortably enough not to cause such suffering and pain." Id.

Assuming for the sake of argument that Plaintiff could satisfy his "subjective showing" regarding Defendants having acted with a "sufficiently culpable state of mind," Plaintiff nevertheless fails to set forth "an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities.'" Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010), quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Richardson v. Johnson, 598 F.3d 734, 737 (2010) ("Under the objective component, a prisoner must allege a prison condition that is so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety."). Plaintiff's allegations about his boots being too small and the pain and blisters he suffered as a result of wearing the boots do not amount to the sort of "extreme deprivations" necessary to make out a plausible condition of confinement claim. Thomas, 614 F.3d at 1304, citing Hudson, 503 U.S. at 9-10. Although there do not appear to be any cases in this Circuit addressing an inmate having been issued the wrong size footwear under the objective prong of an unconstitutional condition of confinement claim, it is instructive that courts in other Circuits have concluded that pain and other minor injuries resulting from being forced to wear the wrong size footwear are not sufficiently serious to satisfy the objective prong. See e.g., Martin v. City of New York, 2012 WL 1392648 at *9 (S.D. Ny 2012) (collecting cases and explaining that "DOC's issuance of shoes two sizes too big with inadequate 'bottoms/soles to prevent slip and falls' does not does not constitute the 'extreme deprivation' necessary to state a cognizable 'conditions-of-confinement' claim"). Therefore, Plaintiff's condition of confinement claim about his boots should be dismissed for failure to state a plausible claim for relief under the Eighth Amendment.

C.  Qualified Immunity -- Plaintiff's First Amendment Claim

Plaintiff's First Amendment claim should be dismissed not only because Plaintiff failed to exhaust his administrative remedies, but also because Defendants are entitled to qualified immunity. To the extent that Plaintiff is attempting to bring a religious infringement claim against Defendants Presley and Jordan in their individual capacities, Defendants are entitled to qualified immunity because Plaintiff has not shown that the grooming policy of the Georgia Department of Corrections violates his clearly established rights. "Qualified immunity protects government officials performing discretionary functions from civil trials [...] and from liability if their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Santamorena v. Georgia Military College, 147 F.3d 1337, 1339-1340 (11th Cir. 1998) (quotations and citations omitted). Stated another way, qualified immunity "offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Oliver v. Fiorino, 586 F.3d 898, 904 (11th Cir. 2009) (quotations and citations omitted).

A government official acting within the scope of his discretionary authority is entitled to qualified immunity "unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was 'clearly established' at the time of the incident." Oliver, 586 F.3d at 905. Courts need not consider the two prongs of the qualified immunity analysis in sequence, and a failure to establish either prong requires the claim to be dismissed. Id., citing Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Leaving aside the first prong of the qualified immunity analysis, Defendants are entitled to qualified immunity because the allegations in Plaintiff's recast complaint do not demonstrate that Defendants violated a clearly established constitutional right. A constitutional right can be clearly established only if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violated that right." United States v. Lanier, 520 U.S. 259, 270 (1997). In this case, it is not clearly established that the Georgia Department of Corrections grooming policy violates the First Amendment. Plaintiff does not identify any decision of the United States Supreme Court, the Eleventh Circuit, or the Georgia Supreme Court to demonstrate that Plaintiff had a clearly established right under the First Amendment to refuse to shave his beard in accordance with his religious beliefs as a Muslim or to avoid disciplinary action when he refused to shave his beard in violation of the Georgia Department of Corrections grooming policy.

To the contrary, the cases decided in this Circuit strongly suggest that the grooming policy would be found constitutional. At least one case decided in the Northern District of Georgia indicates that the grooming policy of the Georgia Department of Corrections does not violate the First Amendment. See e.g., Daker v. Wetherington, 469 F. Supp. 2d 1231, 1238-1240 (N.D. Ga. 2007). Because there is no clearly established law demonstrating that Defendants violated Plaintiff's First Amendment right to freely exercise his religious beliefs, Defendants are protected by qualified immunity, and insofar as Plaintiff is attempting to proceed against Defendants in their individual capacities, Plaintiff fails to state a cognizable First Amendment claim upon which relief may be granted.

D.  Plaintiff's Motion for Preliminary Injunction

Because Plaintiff has been transferred to another prison, Plaintiff's Motion for Preliminary Injunction (Doc. 36) should be denied as moot. The record establishes that Plaintiff was transferred from Baldwin State Prison to Georgia State Prison on either June 19, 2012 or June 20, 2012. Docs. 34, 35. It is well-established in the Eleventh Circuit that an inmate's claim for injunctive relief against prison officials is subject to dismissal for mootness when the prisoner is transferred to another prison facility. See Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988), quoting Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Insofar as Plaintiff summarily alleges that he was transferred "diabolically, with manifestly malicious intent, to another state prison, [so that] they could try to moot the issue" (Doc. 36), there is no evidence in the record tending to support Plaintiff's cursory allegation about Defendants attempting to evade the jurisdiction of the Court. See McKinnon v. Talladega County, Alabama, 745 F.2d 1360, 1363 (11th Cir. 1984). As such, there is no reason to depart from the general rule that a transfer of an inmate to another prison moots that inmate's claims for injunctive and declaratory relief in this case. Smith v. Allen, 502 F.3d 1255, 1267 (11th Cir. 2007). Accordingly, because Plaintiff's request for injunctive relief is moot in light of his transfer from Baldwin State Prison to Georgia State Prison, Plaintiff's request for injunctive relief should be denied as moot.

## CONCLUSION

Because Plaintiff failed to exhaust his administrative remedies before filing his complaint, it is hereby **RECOMMENDED** that the Motion to Dismiss (Doc. 27) be

12

**GRANTED**. Alternatively, it is **RECOMMENDED** that the Motion to Dismiss (Doc. 27) be

**GRANTED** for failure to state a cognizable claim under either the First Amendment or the

Eighth Amendment. Additionally, because Plaintiff's request for injunctive relief is moot in light

of his transfer from Baldwin State Prison to Georgia State Prison, it is hereby

**RECOMMENDED** that the Motion for Preliminary Injunction (Doc. 36) be **DENIED**.

Consistent with this recommendation, **IT IS FURTHER RECOMMENDED** that Plaintiff's

second Motion for Extension of Time to File Response (Doc. 32) be **DENIED** as moot.

Pursuant to 28 U.S.C. 636(b)(1), the parties may serve and file written objections to this

**RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN**

**FOURTEEN (14) DAYS** after being served with a copy thereof.

SO **RECOMMENDED**, this 23rd day of January, 2013.


s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge